GREGG *v.* FOX.

APPEAL—QUESTIONS NOT RAISED BELOW—INSTRUCTIONS.

    A request for an instruction, in an action involving the validity
    of an unfiled chattel mortgage as against a purchaser from
    the mortgagor, that, if the mortgagee paid money at the re-
    quest of the mortgagor for any previous claim upon the prop-
    erty, the mortgagee has a valid claim against the mortgagor
    for the amount so paid, is insufficient to raise the question
    whether, by such payment, the mortgagee became subrogated
    to the rights of the prior claimant.

Error to Wayne; Frazer, J.    Submitted June 8, 1898.
Decided July 12, 1898.

Debt by John Gregg against David Fox, as princi-
pal, and Lewis R. Grosslight and Michael Caplis, as
sureties, upon a constable's bond.    From a judgment for
plaintiff, defendants bring error.    Affirmed.

*V. J. Obenauer* (*Alfred Lucking*, of counsel), for
appellants.

*Lehman Bros. & F. J. Riggs*, for appellee.

MOORE, J.    The plaintiff recovered a judgment for $260
damages against David Fox, a constable, and the other

two defendants, who were on the constable's bond, for the
taking from him of a piano which he claims to own.     The
defendants appeal.

A motion was made before the trial court for a new trial,
which motion was overruled.     This is said to be error.
No such showing was made upon this motion as would
justify us in directing the trial judge to grant a new trial.

It was the claim of the plaintiff that November 28, 1894,
he loaned William Coulter $260, at which time he took a
bill of sale of some property, among which was the piano
in question, which was erroneously described as one piano,
Haines Bros.' make, when it should have been described
as an Everett piano.     He further claims that between the
25th of March and April 1, 1895, he arranged with Mr.
Coulter that the piano was to become his for the debt;
that together they went to the Detroit Music Company,
and arranged for them to send a man for the piano, to
polish it up, and to then deliver it to plaintiff; and that
prior to the 11th of April, 1895, it was obtained by the
music company, who, after polishing it, delivered it to
plaintiff at his house May 2, 1895, where it remained until
March, 1896, when it was taken away by Mr. Fox by
virtue of a writ of replevin at the suit of H. B. McNeil
against William E. Coulter and Mary Coulter.     It is the
claim that, before bringing this suit, plaintiff attempted to
replevin the piano, but was unable to find it.     It is the
claim of the defendants that October 16, 1894, Mr. Coulter
gave a chattel mortgage for $105 to Mr. Mackey upon the
piano in question, correctly describing it, which mortgage
was filed the following day; that April 11, 1895, H. B. Mc-
Neil let Coulter have money to pay the Mackey mortgage,
the piano then being in the possession of Coulter, and on
the same day took a chattel mortgage on the piano and
other property for $210.     As the mortgage was not paid,
and Coulter had parted with the possession of the property,
the replevin suit before mentioned was commenced.     It is
the claim of plaintiff that, when the last mortgage was
made, the piano had been delivered to the Detroit Music

Company for him. The defendants insist the piano was
then in the possession of Mr. Coulter. The trial court in-
structed the jury that, if possession of the property was
delivered to the Detroit Music Company, their possession
would be the possession of Mr. Gregg, and, if he purchased
in good faith, without any notice of the chattel mortgage
or claim on the part of McNeil, he would be protected; but
if he was not a *bona fide* purchaser, or if the chattel mort-
gage was on file when he purchased the property, he took it
subject to the rights of Mr. McNeil under the mortgage.
It is now said the circuit judge should have directed a
verdict in favor of defendants, because there was no proof
that the property was in possession of the music com-
pany prior to April 11th, and his failure to do so is alleged
as error. The court was not requested to direct a verdict
in favor of defendants, and, if he had been, he should not
have done so upon this branch of the case, for there was
testimony tending to show the piano was delivered to the
Detroit Music Company prior to April 11th. This raised
a question of fact to be submitted to the jury.

But one other question remains for discussion. Defend-
ants insist because, when the last mortgage was given, the
money was paid to take up the mortgage given to Mr.
Mackey, McNeil was subrogated to the rights of Mr.
Mackey, and, as the Mackey mortgage was duly filed, he
had a lien upon the piano to that extent. The plaintiff
says this claim is now presented for the first time. De-
fendants presented a request reading as follows: "If Mr.
McNeil paid $200 on the request of the mortgagor for any
previous claim due upon the piano, then Mr. McNeil will
have a valid claim against the mortgagor for the amount
paid;" and insist they raised the question in the court
below. We do not discover anything in this request
which indicates to the court that defendants claimed to be
subrogated to the rights of Mr. Mackey. At the time
Mr. McNeil took the mortgage, he did not take an assign-
ment of the Mackey mortgage. No affidavit of renewal

was filed of this mortgage prior to the expiration of the year after it was given. The entire amount of the money loaned to Mr. Coulter was named in the last mortgage, and there is nothing in the record to indicate to the court that Mr. McNeil was claiming at the time of the trial any rights growing out of the Mackey mortgage. We think it too late to make that claim now.

Judgment is affirmed.

The other Justices concurred.